IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| LaTonya Jessica Jackson,<br><br>      Plaintiff<br>  v.<br><br>Continental Tire the Americas, LLC;<br>Continental AG; Adam Love; Erik Lefebvre,<br><br>      Defendants. | C/A. No. 0:19-cv-970-CMC<br><br><br><br><br>**Opinion and Order** |

      This matter is before the court on Plaintiff's Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*. On June 27, 2019, Defendants Lefebvre and Love (the "Individual Defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), (b)(5), and (b)(6), arguing lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. ECF No. 22. Defendants Continental AG and Continental Tire the Americas ("Continental Defendants") filed a motion to dismiss the same day. ECF No. 24. A *Roseboro* Order was mailed to Plaintiff advising her of the importance of the dispositive motions and the need to file adequate responses. ECF No. 31. On August 14, 2019, the court entered a text order noting Plaintiff did not file a response to the motions to dismiss by the deadline and allowing her 10 days from the entry of that order to do so. ECF No. 34. Plaintiff was warned if she failed to file a response her case would be subject to a recommendation of dismissal for failure to prosecute. *Id.* Plaintiff filed a response in opposition to the motions to dismiss on September 6, 2019. ECF No. 37. Defendants filed replies on September 13, 2019. ECF Nos. 42, 43.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On December 6, 2019, the Magistrate Judge issued a Report recommending that Defendants' motions to dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(6) and this matter dismissed in its entirety. ECF No. 47. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. The parties have filed no objections, and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation that the Complaint

should be dismissed.  Accordingly, the court adopts the Report by reference in this Order.  All claims are dismissed with prejudice.[1]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 3, 2020

---

[1] The court notes the Report included a footnote explaining Plaintiff may be able to cure some deficiencies by filing a motion to amend her Complaint.  ECF No. 47 at 10 n.3.  However, Plaintiff has neither filed an Amended Complaint after Defendants alerted her to the deficiencies in her Complaint via their motions to dismiss, nor sought to amend her Complaint after notification from the Magistrate Judge in the Report.